UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
        :
JDM LONG ISLAND LLC,        :
        :
        Plaintiff,        :        No. 10-cv-05564-JS-AKT
        :
        - against –        :
        :
BANK OF AMERICA, N.A., as successor trustee        :
for the registered holders of LB-UBS Commercial        :
Mortgage Trust 2006-C7,        :
        :
        Defendant.        :
        :
------------------------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ABSTENTION-BASED REMAND

NIXON PEABODY LLP
Adam B. Gilbert
437 Madison Avenue
New York, NY 10022
(212) 940-3000

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
Robert J. Lack
Jeffrey R. Wang
1633 Broadway
New York, NY 10019-6708
(212) 833-1100

*Attorneys for Bank of America, N.A., as successor trustee for the registered holders of LB-UBS Commercial Mortgage Trust 2006-C7, Commercial Mortgage Pass-Through Certificates, Series 2006-C7*

January 13, 2011

950733.4

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

FACTUAL BACKGROUND....................................................................................................3

ARGUMENT.............................................................................................................................5

    PLAINTIFF'S REMAND MOTION SHOULD BE DENIED BECAUSE
    JURISDICTION AND VENUE ARE APPROPRIATE IN THIS COURT,
    AND PLAINTIFF WAIVED ITS RIGHT TO OBJECT TO THIS VENUE..........5

    A.    The Action Was Validly Removed to This Court.......................................5

    B.    Plaintiff's Arguments for Abstention-Based Remand Are Without Merit ..6

        1.    Plaintiff Waived Its Right to Seek Remand Here ............................7

        2.    Plaintiff's Choice of Forum Is Not Entitled to Deference ...............9

        3.    The Application of State Law Principles to a "Local" Dispute
            Does Not Warrant Abstention..........................................................10

        4.    The Trustee *Is* the Real Party in Interest........................................12

CONCLUSION........................................................................................................................13

950733.4

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bank of America, N.A. v. PCV ST Owner LP*,
   No. 10-CV-1178, 2010 U.S. Dist. LEXIS 81629 (S.D.N.Y. June 21, 2010) ..............11

*Bank of America v. Sharim, Inc.*,
   No. 10 Civ. 7570 (PAC), 2010 U.S. Dist. LEXIS 131624
   (S.D.N.Y. Dec. 13, 2010) .......................................................................................2, 10

*County of Allegheny v. Frank Mashuda Co.*,
   360 U.S. 185 (1959)......................................................................................................6

*Glen Gery Corp. v. Tompkins Wholesale Inc.*,
   No. 90-CV-2935, 1991 WL 60405 (S.D.N.Y. Apr. 3, 1991) ..................................9, 10

*Hartford Accident & Indemnity Co. v. Hop-On International Corp.*,
   568 F. Supp. 1569 (S.D.N.Y. 1983)..........................................................................9, 10

*LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*,
   180 F. Supp. 2d 465 (S.D.N.Y. 2001).........................................................................12

*Mercy Hosp. Assoc. v. Miccio*,
   604 F. Supp. 1177 (E.D.N.Y. 1985) .............................................................................9

*Minot v. Eckardt-Minot*,
   13 F.3d 590 (2d Cir. 1994)..........................................................................................11

*Navarro Savings Ass'n v. Lee*,
   446 U.S. 458 (1980)....................................................................................................12

*Safeco Ins. Co. v. M.E.S., Inc.*,
   No. 09-CV-3312, 2010 U.S. Dist. LEXIS 133857 (E.D.N.Y. Dec. 17, 2010) ..............8

*W.W.W. Assocs., Inc. v. Giancontieri*,
   77 N.Y.2d 157 (1990) ...................................................................................................8

*Wachovia Bank N.A. v. Schmidt*,
   546 U.S. 303 (2006)......................................................................................................6

**STATUTES**

28 U.S.C. § 1332................................................................................................................5

28 U.S.C. § 1441................................................................................................................5

28 U.S.C. § 1446................................................................................................................5

Defendant Bank of America, N.A., as successor trustee for the registered holders of LB-UBS Commercial Mortgage Trust 2006-C7, Commercial Mortgage Pass-Through Certificates, Series 2006-C7 ("Bank of America" or "Defendant")[1] respectfully submits this memorandum of law in opposition to the motion of plaintiff JDM Long Island LLC ("JDM" or "Plaintiff") for "abstention-based remand."

## PRELIMINARY STATEMENT

In clear violation of the parties' Mortgage agreement, Plaintiff asks this Court to abstain from this action and to remand it to the state court from which it was validly removed. Its motion should be denied.

In the Mortgage, Plaintiff agreed that any action to construe or enforce the Mortgage (which this case clearly is) could be maintained in federal court, at Defendant's election, and Plaintiff waived its right to bring a remand motion. Plaintiff agreed that it would *not* assert, on "a motion to transfer venue of any Action . . . that the venue for the Action is in any way improper." Yet despite this clear provision in the Mortgage, that is precisely what Plaintiff has done here. In light of the plain language of the Mortgage, Plaintiff's argument that the Lender "does not necessarily have the right to pursue litigation in the federal court to the exclusion of the Nassau Supreme Court" (JDM Br. at 7) is plainly wrong. Because Plaintiff must be bound by the terms of the very Mortgage under which it seeks relief, its remand request should be denied.

---

[1] U.S. Bank National Association ("U.S. Bank") succeeded Bank of America as trustee on January 1, 2011. Pending substitution of U.S. Bank as Defendant, this memorandum is being submitted by Bank of America pursuant to Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

950733.4

Even if Plaintiff had not waived its right to seek remand, remand would be inappropriate, and Plaintiff's other proffered arguments for so-called "abstention-based remand" are unavailing. Aside from its patently incorrect argument that nothing in the loan documents gives Defendant the right to choose this venue to the exclusion of the state court venue, Plaintiff makes three other arguments for abstention: that deference should be given to Plaintiff's choice of forum; that abstention is warranted because the case involves an "inherently local dispute" applying New York law; and that Bank of America is a "nominal" party that "*may* not be the real party-in-interest." (*See* JDM Br. at 5-8.)

These arguments are without merit. Plaintiff's first argument fails because no deference should be afforded to Plaintiff's choice of forum here. Even putting aside the venue/jurisdiction provisions of the Mortgage, which firmly upend the notion of any deference to Plaintiff's choice of forum, the whole purpose of diversity-based removal is to supersede a plaintiff's choice of forum. The two cases cited by Plaintiff provide no support for its argument either, as they involve instances where – unlike here – a *separate* action was pending in state court. In that vein, Judge Crotty's decision in the *Sharim* case,[2] upon which Plaintiff relies, is inapposite, not least because it involved deference to a *separate, pre-existing* state suit. Plaintiff's second argument fails because federal courts, sitting in diversity, regularly handle disputes involving state law, whether "local" or otherwise, including cases involving foreclosure. This Court is eminently equipped to

---

[2] *Bank of America v. Sharim, Inc.*, No. 10 Civ. 7570 (PAC), 2010 U.S. Dist. LEXIS 131624 (S.D.N.Y. Dec. 13, 2010) (JDM Br. Ex. A).

950733.4                                              2

handle this action and to apply state law where appropriate. Plaintiff's third argument fails because the Trustee here is, in fact, the real party in interest; the law is clear that the mere fact that the Trustee has assigned certain duties to other parties in connection with maximizing recovery of defaulted loans does not displace the Trustee as the real party in interest.

This action was validly removed to this Court, and Plaintiff agreed in advance that it would not contest the propriety of this venue; even had it not, Plaintiff raises no basis for remand. The case belongs in this Court, and it should stay here.

## FACTUAL BACKGROUND

JDM is an affiliate of The Moinian Group, "a force in the world of Real Estate," whose "holdings include one of the most extensive private acquisitions in the country, having more than 20 million square feet of office space."[3] Notwithstanding The Moinian Group's resources, JDM has been in default under the Mortgage since at least September 16, 2010, when the Lender first gave Notice of Default for failure to pay maintenance and other charges associated with the property at 175 Fulton Avenue, Hempstead, New York. Contrary to the argument in JDM's memorandum of law (JDM Br. at 3), those defaults go far beyond delinquencies in utility bills; indeed, the Notice of Default was prompted by JDM's admission that it had more than $565,000 of payables that were more than 90 days past due. Plaintiff continues to have substantial unpaid maintenance charges. On November 12, 2010, the defendant Lender, the trustee of a securitization trust that owns the Note and Mortgage on the property, accelerated the

---

[3] *See* http://www.moinian.com/corporate/about-us.php (accessed Jan. 12, 2011)

950733.4    3

loan, whose unpaid principal balance is $19.4 million.  In addition to the mortgage loan, an affiliate of JDM is the obligor on a $3.65 million mezzanine loan in connection with the property.

The rents collected from the property do not cover the property's monthly taxes, insurance, debt service, and reserves, much less all the property's operating expenses (for which Plaintiff, as the leasehold owner, is responsible).  Under the parties' Collection and Disbursement Agreement ("CDA"), all rents from the property are required to be deposited into a lockbox.[4]  The CDA sets forth the order in which funds shall be disbursed in the absence of an Event of Default:

    (i)    payment of tax and insurance escrows;

    (ii)    payment to Lender of monthly principal and interest (including default interest) and any other charges due to Lender;

    (iii)    payments to other escrow and reserve funds;

    (iv)    payment to the mezzanine lender; and

    (v)    *lastly*, payment to Borrower of any remaining funds (less a $300 reserve).

(CDA § 3(a).)  Where there is an Event of Default, the Lender has the right to apply any and all funds received to the reduction of the debt to the Lender.  (*Id*. § 10(a).)  As of January 3, 2011, there were not enough funds in the lockbox to pay all of items (i) through (iii) for the month of January.  Even if there had been, and the Lender elected not to exercise its right to apply all funds toward reduction of the debt, money first would have to be paid to the mezzanine lender, which has not been paid since October.  Thus,

---

[4] A copy of the CDA is annexed as Exhibit A to the accompanying Declaration of Robert J. Lack (the "Lack Decl."), dated January 13, 2011.

950733.4      4

even were there no Event of Default (which there is), Plaintiff would not be entitled to any funds until all of the other priorities under the CDA were satisfied.

## ARGUMENT

### PLAINTIFF'S REMAND MOTION SHOULD BE DENIED BECAUSE JURISDICTION AND VENUE ARE APPROPRIATE IN THIS COURT, AND PLAINTIFF WAIVED ITS RIGHT TO OBJECT TO THIS VENUE

A.  **The Action Was Validly Removed to This Court**

Plaintiff does not argue that this Court lacks jurisdiction to hear this case. And indeed, all three elements for removal were satisfied when Defendant filed its notice of removal on December 2, 2010, and all three elements remain satisfied today. *See* 28 U.S.C. §§ 1332, 1441, 1446.

*First*, it was filed within 30 days of receipt by Defendant of the initial pleading setting forth the claims upon which the state action was based (*see* 28 U.S.C. § 1446(b)).[5]

*Second*, the amount in controversy exceeds $75,000 (*see* 28 U.S.C. § 1332), because Plaintiff seeks relief in the form of a direction that Defendant release to Plaintiff cash so Plaintiff can pay expenses in excess of $100,000 and that Defendant be stayed from acting on a Notice of Acceleration of an amount due in excess of $20.8 million or from charging interest at the default rate (in an amount that currently exceeds $300,000) during the pendency of this action.

*Third*, the parties are of diverse citizenship (*see* 28 U.S.C. § 1332). Plaintiff is a limited liability company organized under the laws of the state of New York,

---

[5] The summons and complaint have not, however, yet been served upon Defendant.

with its principal place of business in New York.  (*See* Compl. ¶ 1.)  Bank of America is a national banking association with its main office located at 100 North Tryon Street, Charlotte, North Carolina,[6] and is thus deemed a citizen of North Carolina for diversity purposes.  *See Wachovia Bank N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).[7]  Upon information and belief, no member of Plaintiff is a citizen of North Carolina (or Ohio), nor has Plaintiff asserted that any member is.

Thus, the state action was properly removed to this Court on the basis of diversity of citizenship.

B.     **Plaintiff's Arguments for Abstention-Based Remand Are Without Merit**

Recognizing that this case meets the statutory requirements for removal, Plaintiff has moved instead for what it terms "abstention-based remand."  Though Plaintiff refers only glancingly to a "general reluctance" of courts to remand cases that

---

[6] *See* http://www.occ.treas.gov/topics/licensing/national-bank-lists/bank-list-national-by-name-v2.pdf, at 2 (accessed Jan. 11, 2011).  U.S. Bank, which succeeded Bank of America as trustee subsequent to removal, is a national banking association with its main office located 425 Walnut Street, Cincinnati, Ohio.  *See id.* at 27.

[7] Plaintiff admits that "Bank of America is deemed a citizen of North Carolina under 28 U.S.C. § 1348" (JDM Br. at 6), and acknowledges that the Supreme Court held in the *Wachovia* case that a national bank for diversity purposes is a citizen of the State in which its main office, as set forth in its articles of association, is located.  *See* 546 U.S. at 307 (cited at JDM Br. at 6 n.1).  But Plaintiff complains that Bank of America's North Carolina citizenship (and presumably the citizenship of any national bank with offices in other states) is "a historical vestige of a bygone era" in light of Bank of America's "ever growing presence" in New York (JDM Br. at 6).  This argument is absurd.  For one, the Supreme Court decided the *Wachovia* case in 2006 – long after Wachovia had a broad presence outside of North Carolina, where it maintained its main office – and yet did not consider the bank's "ever growing presence" in other states as a factor in determining citizenship.  Nor, as Plaintiff argues (*see* JDM Br. at 7), did the Court "le[ave] open the possibility" that a national bank might be deemed a citizen of a state other than the state where it maintains its designated main office, such as the state where it has its "principal place of business."  *See Wachovia*, 546 U.S. at 317 n.9 ("Congress has prescribed that a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business.' 28 U.S.C. § 1332(c)(1) (emphasis added).  The counterpart provision for national banking associations, § 1348, however, does not refer to 'principal place of business'; it simply deems such associations 'citizens of the States in which they are respectively located.'").

have been properly removed (JDM Br. at 6), the fact is that abstention is reserved for the most extraordinary cases, and should be rarely exercised.  *See*, *e.g.*, *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959) ("[t]he doctrine of abstention … is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. … Abdication of the obligation to decide cases can be justified under this doctrine only in [] exceptional circumstances").  Plaintiff proffers four arguments in support of abstention: (1) nothing in the operative loan documents permits Defendant to force Plaintiff to litigate exclusively in this venue; (2) deference should be given to Plaintiff's choice of forum; (3) the case involves an "inherently local dispute" concerning New York property and applying New York law; and (4) the Trustee is a "nominal" party that "*may* not be the real party-in-interest." (JDM Br. at 3-9 (emphasis added).)  None of these arguments warrants the extraordinary remedy of remand.

### 1. Plaintiff Waived Its Right to Seek Remand Here

In the Mortgage, Plaintiff waived its right to seek the very remand that it seeks here.  Specifically, Section 17.1 of the Mortgage provides that the Lender (*i.e.*, Defendant) may elect whether to maintain an action in New York state court or New York federal court; that the Borrower [Plaintiff] and Agency [the Hempstead IDA] consent to the jurisdiction of that venue; and that the Borrower and Agency "*hereby waive and agree not to assert*, as a defense to any Action or a motion to transfer venue of any Action … (iv) *that the venue for the Action is in any way improper*."  (Mortgage

§ 17.1 (emphasis added).)[8]  A virtually identical provision also appears in the CDA.  (*See* Lack Decl. Ex. A, § 19.)

Plaintiff thus agreed, in the Mortgage, not to assert that Defendant's selection of this federal venue was "in any way improper."  There is no question that the Mortgage is a valid, enforceable contract, and that Plaintiff is therefore bound by its unambiguous terms.  *See*, *e.g.*, *Safeco Ins. Co. v. M.E.S., Inc.*, No. 09-CV-3312, 2010 U.S. Dist. LEXIS 133857, at *38 (E.D.N.Y. Dec. 17, 2010) ("A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its own terms.") (citation omitted); *W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162 (1990) (same).

---

[8] Section 17.1 of the Mortgage is annexed as Exhibit B to the Lack Decl.  Section 17.1 provides, in full:

CHOICE OF LAW/JURISDICTION AND VENUE.  This Security Instrument shall be governed, construed, applied and enforced in accordance with the laws of the state where the Land is located without regard to the conflicts of law provisions thereof ("**Governing State**").  Borrower and Agency hereby consent to personal jurisdiction in the Governing State.  JURISDICTION AND VENUE OF ANY ACTION BROUGHT TO ENFORCE THIS SECURITY INSTRUMENT OR ANY OTHER LOAN DOCUMENT OR ANY ACTION RELATING TO THE LOAN OR THE RELATIONSHIPS CREATED BY OR UNDER THE LOAN DOCUMENTS ("**ACTION**") SHALL, AT THE ELECTION OF LENDER, BE IN (AND IF ANY ACTION IS ORIGINALLY BROUGHT IN ANOTHER VENUE, THE ACTION SHALL AT THE ELECTION OF LENDER BE TRANSFERRED TO) A STATE OR FEDERAL COURT OF APPROPRIATE JURISDICTION LOCATED IN THE GOVERNING STATE.  BORROWER AND AGENCY HEREBY CONSENT AND SUBMIT TO THE PERSONAL JURISDICTION OF THE STATE COURTS OF THE GOVERNING STATE AND OF FEDERAL COURTS LOCATED IN THE GOVERNING STATE IN CONNECTION WITH ANY ACTION AND HEREBY WAIVE ANY AND ALL PERSONAL RIGHTS UNDER THE LAWS OF ANY OTHER STATE TO OBJECT TO JURISDICTION WITHIN SUCH GOVERNING STATE FOR PURPOSES OF ANY ACTION.  Borrower and Agency hereby waive and agree not to assert, as a defense to any Action or a motion to transfer venue of any Action, (i) any claim that it is not subject to such jurisdiction, (ii) any claim that any Action may not be brought against it or is not maintainable in those courts or that this Security Instrument may not be enforced in or by those courts, or that it is exempt or immune from execution, (iii) that the Action is brought in an inconvenient forum, or (iv) that the venue for the Action is in any way improper.

Plaintiff makes no mention whatsoever of Section 17.1 of the Mortgage in its motion papers. And indeed, it argues just the opposite, contending that "[w]hile the Lender has a right to seek a federal venue, it does not necessarily have the right to pursue litigation in the federal court to the exclusion of Nassau Supreme Court." (JDM Br. at 7.) This argument, however, is plainly contradicted by the clear language of Section 17.1 of the Mortgage. Plaintiff cannot disregard its contractual obligations simply because it regrets their existence. Plaintiff agreed not to assert that this venue is "in any way improper," and it must be bound by that agreement. For that reason alone, its remand motion should be denied.

### 2. Plaintiff's Choice of Forum Is Not Entitled to Deference

As another ground for abstention-based remand, Plaintiff contends that because Plaintiff filed the action in state court, deference should be afforded to its choice of forum. (JDM Br. at 7.) This argument is deficient on multiple levels. First, as set forth in detail above, the Mortgage expressly contemplates that the Lender may, at its election, choose the forum in which the action is litigated. Thus, the parties' own agreement undermines any notion of deference to Plaintiff's choice of forum. Second, in any event, since the whole purpose of the removal statutes is to take away a plaintiff's power to choose the forum, plaintiff's initial choice of forum is entitled to no deference from this Court. *See*, *e.g.*, *Mercy Hosp. Assoc. v. Miccio*, 604 F. Supp. 1177, 1180 (E.D.N.Y. 1985) ("To make removal discretionary with the district court and base exercise of that discretion on a principle of deference to initial filing destroys the purpose and effect of the removal provisions. The removal statutes by their very purpose and nature take away plaintiff's power to choose the forum in limited cases.").

The cases cited by Plaintiff – *Glen Gery Corp. v. Tompkins Wholesale Inc.*, No. 90-CV-2935, 1991 WL 60405 (S.D.N.Y. Apr. 3, 1991), and *Hartford Accident & Indemnity Co. v. Hop-On International Corp.*, 568 F. Supp. 1569 (S.D.N.Y. 1983) – are inapposite.  As the parenthetical descriptions of those cases in Plaintiff's brief make clear (JDM Br. at 7), both of those cases involved circumstances, not present here, in which *separate proceedings* were pending in state and federal court, and the federal court was asked to defer to those separate actions.  In those cases, the federal courts stayed the federal actions pending the determination of the existing state actions.  *Glen Gery*, 1991 WL 60405, at *2-3; *Hartford*, 568 F. Supp. at 1575.  That was also the posture in the *Sharim* case, highlighted by Plaintiff, where the district court stayed the separate federal action pending resolution of an existing state action that it determined was parallel.[9]  Those cases involved issues of judicial economy, comity, and federalism that are absent in the context of a validly-removed stand-alone action such as this one.

    **3.**    **The Application of State Law Principles to a "Local" Dispute Does Not Warrant Abstention**

Similarly unpersuasive is Plaintiff's assertion that abstention-based remand is warranted because this case involves an "inherently local dispute" involving a "predominance of state law," as well as the "potential involvement of the Hempstead IDA in this case as a necessary party" in the event Defendant brings a foreclosure action.  (JDM Br. at 4-5.)

---

[9] Even in deferring to the pending state court actions, the courts in those cases noted that the federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them," that there is a "heavy presumption against abstention," and that the "power to abstain should be exercised only in 'exceptional circumstances.'" *Hartford*, 568 F. Supp. at 1571; *Sharim*, 2010 U.S. Dist. LEXIS 131624, at *15.

With respect to the predominance of state law, resolution of Plaintiff's complaint involves nothing more than the application of bedrock contract law principles to the interpretation of the parties' agreements – *viz.*, whether JDM has cured its defaults pursuant to the Mortgage, whether it is entitled to the release of cash under the CDA, and whether Lender has the right, under the Mortgage, to act on the Notice of Acceleration. Notably, Plaintiff does *not* argue that the contract law principles, or the contract themselves, involve novel issues of state law that this federal court could not readily adjudicate.[10] Nor could it; federal courts sitting in diversity decide issues of state contract law every day, and this Court is exceedingly capable of interpreting the straightforward contracts at issue here. If the mere application of state law principles were sufficient to warrant abstention, it would result in the wholesale eradication of the diversity provisions of the removal statutes.[11]

The potential future involvement of the Hempstead IDA in this case also does not favor abstention. The Hempstead IDA consented, along with Plaintiff, to federal jurisdiction in Section 17.1 of the Mortgage (*see* Point I.B.1, *supra*). Thus, in the event it is named as a party to "some type of foreclosure claim" (JDM Br. at 5) in this action, it must submit to federal jurisdiction as well.

---

[10] This case is thus easily distinguishable from *Minot v. Eckardt-Minot*, 13 F.3d 590 (2d Cir. 1994), on which Plaintiff relies, in which the case "present[ed] 'difficult questions of state law'" because "New York has very few cases dealing with this tort [custodial interference] or related torts in this context." *Id*. at 593-94 (footnote omitted).

[11] Nor would a potential future claim for foreclosure weigh in favor of abstention, since federal courts can and have successfully decided foreclosure cases, including the recent foreclosure of the $3 billion mortgage loan securing Peter Cooper Village/Stuyvesant Town in Manhattan. *See Bank of America, N.A. v. PCV ST Owner LP*, No. 10-CV-1178, 2010 U.S. Dist. LEXIS 81629 (S.D.N.Y. June 21, 2010).

### 4.     The Trustee *Is* the Real Party in Interest

Plaintiff suggests that there is "an open question" as to whether the Trustee – as opposed to its current servicers – is the real party in interest, and that because diversity jurisdiction is therefore "dubious," this case should be remanded. (JDM Br. at 7-9.)  However, the cases Plaintiff cites in its brief establish that the Trustee is, in fact, the real party in interest when suing on behalf of the trust, as it has done here. In the *Navarro* case (cited at JDM Br. at 7-8), the Supreme Court held that where a trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of" certificateholders, it is the real party in interest for purposes of determining diversity jurisdiction.  *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464 (1980).  In the *LaSalle* case (cited at JDM Br. at 8), the Southern District court ruled that inasmuch as the trustee held "all the right, title, in interest" in the mortgages, the trustee, "as representative owner, is the real party in interest." *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 180 F. Supp. 2d 465, 470 (S.D.N.Y. 2001).  Indeed, the *LaSalle* court rejected the very argument JDM makes – namely, that the servicers were the real party in interest because they had certain duties in connection with maximizing recovery of defaulted loans.  The *LaSalle* court concluded that "the mere fact that [the special servicer is assigned certain duties] in connection with maximizing recovery of defaulted loans does not affect the basic premise, announced in *Navarro*, that a trustee of an express trust is the real party in interest when suing on behalf of that trust." *LaSalle*, 180 F. Supp. 2d at 471.  That logic applies with equal force here.  Plaintiff's argument concerning the "real party in interest" therefore does not support abstention either.

## CONCLUSION

For the foregoing reasons, the case belongs in this Court, and Defendant respectfully requests that the Court deny Plaintiff's motion to remand it to the state court.

Dated: New York, New York
January 13, 2011

Respectfully submitted,

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP


s/ Robert J. Lack
Robert J. Lack
Jeffrey R. Wang
1633 Broadway
New York, NY  10019-6708
(212) 833-1100

-and-

NIXON PEABODY LLP
Adam B. Gilbert
437 Madison Avenue
New York, NY 10022
(212) 940-3000

*Attorneys for Defendant Bank of America, N.A., as successor trustee for the registered holders of LB-UBS Commercial Mortgage Trust 2006-C7, Commercial Mortgage Pass-Through Certificates, Series 2006-C7*